2005 OK 23

## In the Matter of the REINSTATEMENT OF James C. BURKETT, to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.

### SCBD No. 4933.

Supreme Court of Oklahoma.

April 5, 2005.

Andrew Waldron, Oklahoma City, OK, for Petitioner.

Nathan A. Lockhard, Assistant General Counsel, Oklahoma Bar Association, for Respondent.

COLBERT, J.

¶1 James C. Burkett has petitioned for reinstatement to membership in the Oklahoma Bar Association (OBA) and to the Roll of Attorneys, pursuant to Rule 11 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A (RGDP). The OBA investigated the matter and the Professional Responsibility Tribunal (PRT) conducted a hearing. Both the OBA and the PRT recommend reinstatement.

¶2 The record shows by clear and convincing evidence that petitioner has met the requirements for reinstatement. He was admitted to the practice of law in Oklahoma on October 13, 1978, after graduation from the University of Oklahoma School of Law and successful completion of the Oklahoma Bar Examination. Petitioner has never practiced law. Rather, he was employed in the private sector from 1978–2004. On July 11, 1988, he

was suspended from the OBA for failure to pay annual dues, and on September 18, 1989, he was stricken from the rolls and membership in the OBA for failure to pay annual dues. SCBD # 3519. He has since paid his annual dues for the years 1988 and 1989.

¶ 3 A review of the transcript and exhibits from the PRT hearing reveals petitioner is of good moral character. He has not engaged in the unauthorized practice of law. He has never been the subject of disciplinary proceedings for legal professional misconduct. He completed twenty-four hours of CLE in 2004, primarily in "recent developments," and he is familiar with Oklahoma securities and insurance laws. All of the evidence shows petitioner has the necessary skills for readmission.

¶ 4 Petitioner has also satisfied the procedural requirements for reinstatement. He complied with the notice requirements of Rules 11.1(a) and 11.3(b), RGDP, and no responses objecting to reinstatement were received. Petitioner has not been the subject of a claim or payment by the Client Security Fund. He has not previously filed a petition for reinstatement.

¶ 5 Petitioner has met his burden to show by clear and convincing evidence the prerequisites to reinstatement found in Rule 11.5, RGDP. We grant his petition and order that petitioner, James C. Burkett, be reinstated to membership in the Oklahoma Bar Association and that his name be reinstated to the Roll of Attorneys licensed to practice law in the State of Oklahoma. We further order that petitioner pay the costs of this proceeding in the amount of $516.93 within twenty days from the date this Order is filed with the Clerk of this Court. Reinstatement is conditioned upon payment of the costs.

**PETITION FOR REINSTATEMENT GRANTED UPON PAYMENT OF COSTS IN THE AMOUNT OF $516.93.**

ALL JUSTICES CONCUR.